**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-20044
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN RAMIREZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(H-96-CV-845)

November 12, 1997

Before POLITZ, Chief Judge, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

Edwin Ramirez appeals the district court's denial of his 28 U.S.C. § 2255

motion. For the reasons assigned we affirm.

Background

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After pleading guilty to conspiracy to import cocaine,[1] Ramirez was sentenced to 240 months imprisonment, to be followed by five years supervised release. He filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied same,[2] and we affirmed.[3] Ramirez thereafter filed a second section 2255 motion, contending that the district court should have granted a downward departure so that his sentence would have conformed to the sentences of his codefendants and because he accepted responsibility for his actions. He later amended his motion to assert that the district court should have considered alternatives to incarceration.

## Analysis

Ramirez's second section 2255 motion[4] fails to raise cognizable constitutional claims. In **United States v. Vaughn**, we held that "[r]elief under [section 2255] is reserved for transgressions of constitutional rights and for a

---

[1] 21 U.S.C. §§ 952(a), 960(b)(1)(B), and 963.

[2] In this motion Ramirez contended that he received ineffective assistance of counsel.

[3] **United States v. Ramirez**, 71 F.3d 875 (5th Cir. 1995).

[4] Although the district court addressed Ramirez's contention, it observed that his motion arguably should be dismissed for abuse of the writ. Because the district court, in its discretion, considered Ramirez's motion, we do likewise. We also note that Ramirez is not required to obtain a certificate of appealability because his section 2255 motion was filed before the effective date of the Antiterrorism and Effective Death Penalty Act. **Lind v. Murphy**, 117 S.Ct. 2059 (1997).

narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[5]

Ramirez maintains that he deserved a downward departure from the sentencing guidelines range because his codefendants received lighter sentences and because he accepted responsibility for his crime. The district court correctly considered that it was not free to make a downward departure to achieve parity in sentencing. We conclude that the court acted properly in sentencing Ramirez without reference to the sentences of his codefendants.[6] Whether he deserved a downward adjustment for his acceptance of responsibility is a matter within the district court's discretion. Our review of that ruling is subject to an even more deferential treatment than the clearly erroneous standard.[7] Ramirez's contention, which raises only a question concerning the technical application of the sentencing guidelines, does not give rise to a matter of constitutional proportions.[8] Not having shown such, and not having shown that the district court's refusal to depart downward would result in a complete miscarriage of justice, Ramirez's complaint

---

[5] 955 F.2d 367, 368 (5th Cir. 1992).

[6] **United States v. Brown**, 29 F.3d 953 (5th Cir. 1994).

[7] **United States v. Lghodaro**, 967 F.2d 1028 (5th Cir. 1992).

[8] **United States v. Vaughn**, 955 F.2d 367 (5th Cir. 1992).

is not cognizable under section 2255.

Ramirez's second contention -- that the court did not consider alternatives to incarceration -- was not raised on direct appeal and likewise is not cognizable under the restricted scope of relief available under section 2255. The district court found Ramirez's contentions to be frivolous. Our review of the record results in the same conclusion -- they are devoid of merit.

The judgment appealed is AFFIRMED.